UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATTI MASON, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　Defendants. | CASE NO. C14-217 MJP<br><br>ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND TO DISMISS |

THIS MATTER comes before the Court on Defendants' motions for summary judgment and to dismiss. (Dkt. Nos. 21, 27.) Having considered the motions and all related papers, the Court GRANTS the motions.

**Background**

This is a slip and fall case. Plaintiff Patti Mason allegedly slipped and fell on or near an unmarked metal cover in the sidewalk outside of a federal building in downtown Seattle, and suffered injuries as a result. (Dkt. No. 1.) Mason and her husband, Eddie Mason, filed suit

ORDER GRANTING DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT AND TO DISMISS-
1

against the United States and federal agencies and the City of Seattle and city agencies for negligence and for loss of consortium. (Id.)[1]

Arguing that Plaintiffs cannot establish proximate cause, the existence of a dangerous condition, or that Defendants had notice of any dangerous condition, Defendants move for summary judgment on Mason's negligence claims, and also move to dismiss Mason's husband's loss of consortium claim for failure to file the requisite administrative complaint before filing this suit. (Dkt. Nos. 21, 27.)

**Discussion**

I.  Legal Standards

   A.  Summary Judgment

Summary judgment is proper where "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In assessing whether a party has met its burden, the underlying evidence must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

   B.  Motion to Dismiss under Red. R. Civ. P. 12(b)(1)

A complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other

---

[1] The United States argues that the United States General Services Administration and GSA Northwest Arctic Region are not proper defendants under the Federal Tort Claims Act, and that therefore claims against them must be dismissed. (Dkt. No. 27 at 2.) Plaintiffs do not respond to this argument. Because the Court grants summary judgment in favor of all Defendants on all claims, it does not reach this issue.

1  enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or

2  controversy within the meaning of the Constitution; or (3) is not one described by any

3  jurisdictional statute. Baker v. Carr, 369 U.S. 186, 198 (1962); D.G. Rung Indus., Inc. v.

4  Tinnerman, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986).

5        C.     Negligence

6  "The mere occurrence of an accident and an injury does not necessarily lead to an

7  inference of negligence." Marshall v. Bally's Pacwest, Inc., 94 Wn. App. 372, 377 (1999). In

8  order to prove actionable negligence, a plaintiff must prove four basic elements: (1) the existence

9  of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause. Tincani v. Inland

10 Empire, 124 Wn.2d 121, 128 (1994). "Even if negligence is clearly established, [defendants]

11 may not be held liable unless their negligence caused the accident." Marshall, 94 Wn. App. at

12 378 (emphasis in original).

13       D.     Federal Tort Claims Act

14  Under the Federal Tort Claims Act ("FTCA"), the United States is liable "if a private

15 person would be liable to the claimant in accordance with the law of the place where the act or

16 omission occurred." 28 U.S.C. § 1346(b). The incident which is the basis of this action occurred

17 in Washington, and the law to be applied in this case is the substantive law of Washington.

18       II.     Loss of Consortium Claim

19  Defendants argue that Plaintiff Eddie Mason's loss of consortium claim must be

20 dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because

21 Eddie Mason did not file an administrative complaint with either the city or the federal

22 government before filing suit in this Court, as required by RCW 4.96.010(1) and 28 U.S.C. §

23 2675(a). (Dkt. Nos. 21 at 13-14, 27 at 14-15.) Plaintiffs do not allege in their complaint that

24

ORDER GRANTING DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT AND TO DISMISS-
3

1  Eddie Mason filed an administrative complaint for loss of consortium, and do not respond to
2  Defendants' arguments in their Responses to Defendants' Motions for Summary Judgment.
3  (Dkt. Nos. 1, 32, 34.)

4       A Federal Tort Claims Act action may not be maintained when the claimant fails to
5  exhaust administrative remedies prior to filing suit. 28 U.S.C. § 2675(a); see also, McNeil v.
6  United States, 508 U.S. 106 (1993). Similarly, filing an administrative complaint is "a condition
7  precedent to the commencement of any action claiming damages." RCW 4.96.010(1).

8       There is no evidence that Eddie Mason filed or attempted to file an administrative
9  complaint before filing his claim for damages with this Court. Accordingly, the Court is without
10 subject matter jurisdiction to hear his claim. Plaintiff Eddie Mason's loss of consortium claim is
11 DISMISSED.

12      III.    Proximate Cause

13      A plaintiff must prove four basic elements of a negligence claim: (1) the existence of a
14 duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause. Tincani, 124 Wn.2d
15 at 128. A proximate cause of an injury is a cause which, in a direct sequence, unbroken by any
16 new, independent cause, produces the injury complained of and without which the injury would
17 not have occurred. Stoneman v. Wick Constr. Co., 55 Wn.2d 639, 643 (1960). Proximate cause
18 comprises two elements: (1) cause in fact and (2) legal cause. Baughn v. Honda Motor Co. Ltd.,
19 107 Wn.2d 127, 142 (1986). Cause in fact refers to the "but for" consequences of an act, or the
20 physical connection between an act and the resulting injury. Id.

21      Speculation or conjecture as to the cause of an accident is insufficient to establish
22 causation in a negligence action. See, e.g., Gardner v. Seymour, 27 Wn.2d 802, 808 (1947)
23 (evidence sufficient to survive summary judgment on proximate cause must rise above guess,
24

ORDER GRANTING DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT AND TO DISMISS-
4

speculation, or conjecture); Marshall, 94 Wn. App. at 379 (summary judgment on proximate cause grounds appropriate where plaintiff could not explain how the accident happened due to memory loss).

Plaintiff Patti Mason alleges that she slipped on a metal cover in the sidewalk, causing her to fall and injure herself. (Dkt. No. 1.) At her deposition, however, Plaintiff could not recall actually stepping on the cover and testified that she did not know what caused her to slip. Plaintiff described the accident by explaining that, on a day with heavy rain and light wind, she and a colleague left the office and "walk[ed] towards the corner to cross the street, and next thing I know I am down on the ground with my right foot and leg underneath me, on a metal plate." (Dkt. No. 22 at 13-17.) She testified that she could not see the metal cover before falling because it was covered with a pool of water, but knew the cover was there because she had walked over it hundreds of times over the course of her twenty years of employment in the federal building adjoining the sidewalk. (Id. at 10-11, 16-19.) Plaintiff testified that she landed on top of the cover after falling, and that she remembers stepping in water which had collected due to the heavy rain, but that she cannot recall any of the mechanics of the fall: she cannot say which foot, if any, stepped on the cover, or which foot slipped and caused her to fall. (Id. at 16-18.) When asked about which foot slipped, Plaintiff testified that she "[doesn't] recall how it happened," but "assumed" she slipped with her right foot because her right foot was the one that "went out from under [her]." (Id. at 16.) When asked "again, just to clarify, do you recall specifically slipping on the cover?", Plaintiff responded "[b]y the time I fell, I believe I was kind of shocky, I don't—I don't know." (Dkt. No. 37-1 at 5.) When asked why she fell on this particular day despite having crossed the metal covering daily for twenty years, Plaintiff again

was unable to answer, stating "I don't know.  A combination of wind, rain.  Foot traffic.  I mean, I couldn't say."  (Dkt. No. 22 at 19.)

Defendants argue that Plaintiff's testimony is insufficient to demonstrate proximate cause because (1) she is unable to explain what it was about the metal cover that caused her to fall, (2) she does not know which foot slipped on the cover and cannot even confirm stepping on the cover at all, and (3) when asked about why she fell on this day but not others, she cited the wind, rain, and foot traffic but not any feature of the metal cover.  (Dkt. Nos. 21 at 10, 27 at 7.)  In other words, Defendants argue that Plaintiff is speculating about the cause of her fall, and that her conjecture cannot support a finding of proximate cause.  The Court agrees.

Plaintiff argues that "[i]n this particular case, it cannot be determined from the record whether or not the metal utility cover was in fact the cause of Plaintiff's injuries – it is a question of fact for the jury."  (Dkt. No. 34 at 3.)  Plaintiff argues that "it is clear from the record that Plaintiff slipped and fell on an area of a city sidewalk," and that Plaintiff's testimony, taken as a whole, demonstrates that the metal cover was the cause, even if Plaintiff failed to explicitly state that she slipped on the metal cover.  (Id. at 3-4.)  But conclusory statements in briefing are not evidence.  Plaintiff provides no <u>evidence</u> that the metal cover caused her fall—in fact, Plaintiff testified to just the opposite: she cannot recall the cause of her fall or explain how it happened.

Plaintiff does not know, or cannot recall, the cause of her fall; instead, she speculates that the metal cover was the cause because she landed on top of it after falling.  It is equally as plausible that Plaintiff slipped on the sidewalk next to the metal cover.  Plaintiff's testimony is insufficient to demonstrate proximate cause as a matter of law, and Defendants are therefore entitled to summary judgment on Plaintiff's negligence claims.  Even if Plaintiff could demonstrate proximate cause, however, Defendants are entitled to summary judgment because

1  Plaintiff has submitted no evidence to support a finding that the metal cover constitutes a

2  dangerous condition that Defendants had notice of, and thus cannot establish breach of duty.

3        IV.      Breach of Duty

4        Each Defendant argues that it does not owe a duty to Plaintiff because the other

5  Defendant is responsible for the repair and upkeep of the metal cover, and that without a duty

6  there can be no breach of duty. (Dkt. Nos. 21 at 10-13, 27 at 8-14.) Plaintiff argues that both

7  Defendants share responsibility for maintenance of the cover, and that both Defendants breached

8  their duties by creating a dangerous condition that caused Plaintiff's injury. (Dkt. Nos. 32 at 4-5,

9  34 at 4-5.) Finding no evidence that the metal cover constitutes a dangerous condition and no

10 evidence that either Defendant had actual or constructive notice of a dangerous condition, the

11 Court does not reach the question of duty and instead finds that both Defendants are entitled to

12 summary judgment because there is no evidence to support a finding of breach of duty by either

13 Defendant.

14       The Parties agree that in order to establish that the United States, as landowner, breached

15 a duty to Plaintiff, Plaintiff must show that the United States had actual or constructive notice of

16 a dangerous condition. (Dkt. Nos. 27 at 12, 32 at 4, 36 at 4) (see, e.g., Charlton v. Toys R Us,

17 158 Wn. App. 906, 913 (2010).) Similarly, the Parties agree that in order to establish that the

18 City of Seattle, as a municipality, breached a duty to Plaintiff, Plaintiff must show that the City

19 of Seattle had notice of a dangerous condition and an opportunity to remedy the condition. (Dkt.

20 Nos. 21 at 12, 34 at 4-5, 35 at 4) (see, e.g., Millson v. City of Lynden, 174 Wn. App. 303, 309-10

21 (2013).)

22       Here, there is no evidence whatsoever that the metal cover constitutes a dangerous

23 condition. Testimony that Plaintiff landed on top of the metal cover after falling is not evidence

24

ORDER GRANTING DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT AND TO DISMISS-
7

of the cover's dangerousness, especially where Plaintiff attributes her fall to wind, rain, and foot traffic.  See, e.g., Knopp v. Kemp & Hebert, 193 Wn. 160, 164-65 (1938) ("It is common knowledge that people fall on the best of sidewalks and floors.  A fall, therefore, does not, of itself, tend to prove that the surface over which one is walking is dangerously unfit for the purpose"); Merrick v. Sears, Roebuck & Co., 67 Wn.2d 426, 429 (1965) ("Negligence cannot be inferred from the fall alone, nor from mere dampness or wetness where it is to be expected in some degree under conditions showing the exercise of ordinary care in the design, construction and maintenance of the floor").  Plaintiff does not identify any specific defects in the cover's size, shape, age, or surface that could make it dangerous to walk on, and has introduced no facts which could support such a determination.  Plaintiff has introduced no expert testimony that the cover is dangerous.  Moreover, Plaintiff testified that she has navigated this intersection, and crossed over this exact metal cover, hundreds of times in her daily commute to and from her office.  Neither the United States nor the City of Seattle have been able to locate a single other complaint about the cover's safety in the last ten years. (Dkt. Nos. 24 at 4, 28-1 at 16.)  In short, Plaintiff has introduced no evidence that the metal cover is a dangerous condition, and thus cannot demonstrate that either Defendant breached its duty to her.

     Even if Plaintiff's testimony could be considered sufficient to establish the cover's dangerousness, however, there is no evidence that either Defendant had notice of that dangerousness.  As discussed above, neither Defendant can locate a single complaint about the cover's dangerousness or any threat posed by its design, installation, or maintenance.  Plaintiff herself has never reported any danger posed by the cover despite her twice daily commute across the area, and is not personally aware of anyone else ever having complained. (Dkt. No. 22 at 22.)  No facts have been introduced that could support a finding of actual notice.

ORDER GRANTING DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT AND TO DISMISS-
8

Plaintiff argues that constructive notice of the allegedly dangerous condition posed by the metal cover should be imputed to Defendants because the cover has been in place for thirty years but no inspection or other action has been undertaken to ensure the safety of the cover. (Dkt. No. 32 at 5.) Defendants respond that while they had knowledge of the cover's existence, they had no reason to believe that the cover was dangerous or in need of repair, and in fact the cover is not dangerous or in need of repair and remains in place today. (Dkt. No. 35 at 5.) Defendants note that a prerequisite to a constructive notice analysis is that there exists an unsafe condition which the landowner could have removed if proper inspections had been conducted; without an unsafe condition to remove, therefore, there can be no constructive notice imputed. (Dkt. No. 36 at 7.)

The Court agrees with Defendants. Having found that the metal cover is not a dangerous condition, there is no dangerous condition which Defendants could have discovered through proper inspections, and therefore constructive notice cannot be imputed. Without notice, actual or constructive, Defendants cannot be held liable in this context.

Plaintiff has identified no facts that could support a finding that either Defendant has breached a duty to Plaintiff. While Plaintiff asserts repeatedly that whether or not the cover is dangerous is a question of fact for the jury, this contention alone cannot create a genuine issue of fact sufficient to survive summary judgment.

**Conclusion**

Plaintiff has not submitted or identified evidence sufficient to support findings that the metal cover was the proximate cause of her fall, or that the metal plate is a dangerous condition that either Defendant had actual or constructive notice of. Defendants' motions for summary judgment are therefore GRANTED. Plaintiff's husband's loss of consortium claim is barred for failure to file an administrative complaint before filing suit here, and is therefore DISMISSED.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 10th day of February, 2015.

                          Marsha J. Pechman
                          Chief United States District Judge

ORDER GRANTING DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT AND TO DISMISS-
10